http://www.va.gov/vetapp16/Files5/1639918.txt

Citation Nr: 1639918 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 13-03 446 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in St. Petersburg, Florida

THE ISSUES

1. Entitlement to a total disability rating based on individual unemployability (TDIU).

2. Entitlement to service connection for renal carcinoma, claimed as a right renal mass.

REPRESENTATION

Appellant represented by: Paralyzed Veterans of America, Inc.

ATTORNEY FOR THE BOARD

D. Orfanoudis, Counsel

INTRODUCTION

The Veteran had active duty service from February 1975 to October 2000.

This appeal to the Board of Veterans' Appeals (Board) arose from a June 2010 rating decision in which the RO, inter alia, denied the Veteran's claim for a TDIU as well as a claim for service connection for a right renal mass. In September 2010 and December 2010, the Veteran filed notices of disagreement (NODs). Statements of the case (SOCs) were issued in December 2012, and the Veteran filed a substantive appeal (VA Form 9, Appeal to the Board of Veterans' Appeals) in January 2013.

The Board notes that, in a March 2014 submission, the Veteran's representative requested a Board hearing before a Veterans Law Judge at the RO. However, in a subsequent July 2015 statement, the Veteran's representative withdrew such hearing request. See 38 C.F.R. § 20.704(e) (2015). 

In August 2015, a Deputy Vice Chairman of the Board granted a motion to advance this appeal on the Board's docket, pursuant to 38 U.S.C.A. § 7107(a)(2)(C) (West 2014) and 38 C.F.R. § 20.900(c) (2015). 

In December 2015, the Board remanded the claims on appeal for further evidentiary development. After accomplishing further action, the agency of original jurisdiction (AOJ) continued to deny the claims, and returned these matters to the Board for further appellate consideration. 

Subsequently, after the claims were in appellate status , the RO issued a rating decision in June 2016 granting a TDIU, effective as of the date of claim. This matter will be formally dismissed, below. 

This appeal is now being processed utilizing the Veterans Benefits Management System (VBMS), a paperless, electronic claims processing system. The Veteran also has a separate paperless, electronic Virtual VA file. A review of the Virtual VA file reveals documents that are either duplicative of those contained in the VBMS file or irrelevant to the issues on appeal.

The Board's disposition of the TDIU claim is set forth below. The matter of service connection for renal carcinoma, claimed as a right renal mass, is addressed in the remand following the order; this matter is being remanded to AOJ. VA will notify the Veteran when further action, on his part, is required

FINDING OF FACT

In a June 2016 rating decision, VA granted the Veteran's claim for a TDIU, effective as of the date of claim for that benefit.

CONCLUSION OF LAW

Because the June 2016 award of TDIU for the entirety of the period on appeal represents a grant of the benefit sought on appeal with respect to that claim, there remains no case or controversy over the issue affecting the provision of benefits by VA over which the Board may exercise jurisdiction. 38 U.S.C.A. §§ 511, 5107, 7104 (West 2014); 38 C.F.R. §§ 19.4, 19.5, 20.101 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to Veterans or the dependents or survivors of Veterans. 38 U.S.C.A. § 511 (a); 38 C.F.R. § 20.101 (a).

One of the principal functions of the Board is to make determinations of appellate 
jurisdiction. 38 C.F.R. § 19.4. The Board may address questions pertaining to its jurisdictional authority to review a particular case or issue. 38 C.F.R. § 20.101 (d).

Although the Veteran perfected an appeal to the Board with respect to the denial of entitlement to a TDIU arising from a June 2010 rating action, in a subsequent rating decision dated in June 2016, a TDIU was granted. 

Under these circumstances, the Board finds that the TDIU claim which was formerly in appellate status prior to June 2016, has been granted by the decision of a lower adjudicative body, fully resolving the Veteran's appeal as to the claim. The Veteran was notified of this fact in correspondence from VA dated in June 2016 (by which the Veteran was furnished a copy of the June 2016 rating decision). Hence, there is no longer any case or controversy involving entitlement to a TDIU pending before the Board, as contemplated by 38 U.S.C.A. §§ 7104, 7105 and 38 C.F.R. § 19.4. In the absence of any justiciable question, the appeal as to the TDIU claim must be dismissed.

ORDER

The appeal as to the claim of entitlement to a TDIU is dismissed.

REMAND

The Board's review of the claims file reveals that further AOJ action on the matter remaining on appeal is warranted.

The Veteran has alleged that he developed renal carcinoma as a result of active service. Specifically, he alleges that it developed as a result of his frequent in-service exposure to chemicals, including solvents and cleaners, and argues that there is a lengthy latency period for renal cell cancer. Service treatment records were negative for complaints, treatments or diagnoses related to any renal mass or other kidney disorder. An October 2012 VA examiner diagnosed the Veteran with renal carcinoma and status-post partial nephrectomy of the right kidney and opined that these medical conditions were common conditions with known or studied causes and were less likely than not to have been caused by exposure to environmental hazards in Southwest Asia. However, as the opinion did not contain a rationale, the claim was remanded by the Board in December 2015 to obtain an addendum based on claims file review and supported by stated rationale.

A VA medical opinion dated in May 2016 shows that VA physician opined that based upon a review of the available records in VBMS, VA Compensation and Pension Records Interchange (CAPRI) records, and Computerized Patient Record System (CPRS) it was less likely as not that the renal carcinoma had its onset during, or was otherwise medically related to, the Veteran's period of service. The VA physician explained that service treatment records were negative for any 
kidney disorder or a renal mass. The examiner added that review of medical literature did not reveal evidence that such exposure leads to renal cell carcinoma; and that these cancers were prevalent in the general population without any such exposure. The examiner also indicated that renal cell carcinoma was not part of the presumed diseased caused by such exposures; risk factors for this type of cancer do not specifically or generally include exposure to chemicals and solvents, even though there is a belief in certain circles that it is so.

The VA physician further identified risk factors for kidney cancer, to include smoking, obesity, workplace exposures (including cadmium, herbicides, and organic solvents, particularly trichloroethylene), genetic and hereditary risk factors, von Hippel-Lindau disease, hereditary papillary renal cell carcinoma, Birt-Hogg-Dube (BHD) syndrome, familial renal cancer, hereditary renal oncocytoma, family history of kidney cancer, high blood pressure, certain medicines (including phenacetin and diuretics), advanced kidney disease, gender (noting men
are more likely to be smokers and are more likely to be exposed to cancer-causing
chemicals at work, which may account for some of the difference), and race.

The Board finds that the opinion of the VA physician is not adequate as it listed numerous risk factors for kidney cancer, it did not address how likely, if at all, any of the listed risk factors impacted the development of the kidney cancer in this Veteran. Moreover, the opinion is inconsistent in that in one portion of the decision it is concluded that risk factors for this type of cancer do not specifically or generally include exposure to chemicals and solvents, and in a later portion of the opinion, it is indicated that workplace exposures (including cadmium, herbicides, and organic solvents, particularly trichloroethylene) are a risk factor for this type of cancer, and that males in the general population are more likely to be exposed to cancer-causing chemicals at work. As such, the Board finds that this opinion is of little probative value, and that an additional opinion should be obtained from a VA physician that has not previously commented on the Veteran's alleged disability. See Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007) (once VA provides an examination to a Veteran, VA has a duty to ensure that the examination is adequate for evaluation purposes); Hicks v. Brown, 8 Vet. App. 417, 422 (1995) (inadequate medical evaluation frustrates judicial review). When medical evidence is inadequate, VA must supplement the record by seeking an advisory opinion. Hatlestad v. Derwinski, 3 Vet. App. 213 (1992).

Prior to obtaining further medical opinion in connection with this claim, to ensure that all due process requirements are met, and the record is complete, the AOJ should give the Veteran another opportunity to provide additional information and/or evidence pertinent to the claim on appeal (particularly as regards pertinent, private (non-VA) medical treatment), explaining that he has a full one-year period for response. See 38 U.S.C.A § 5103(b)(1) (West 2014); but see also 38 U.S.C.A. § 5103(b)(3) (clarifying that VA may make a decision on a claim before the expiration of the one-year notice period).

Thereafter, the AOJ should attempt to obtain any additional evidence for which the Veteran provides sufficient information, and, if needed, authorization, following the current procedures prescribed in 38 C.F.R. § 3.159 (2015). 

The actions identified herein are consistent with the duties imposed by the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015). However, identification of specific actions requested on remand does not relieve the AOJ of the responsibility to ensure full compliance with the VCAA and its implementing regulations. Hence, in addition to the actions requested above, the AOJ should also undertake any other development and/or notification action deemed warranted by the VCAA prior to adjudicating the remaining claim on appeal.

Accordingly, this matter is hereby REMANDED for the following action:

1. Obtain all outstanding, pertinent records of VA evaluation and/or treatment of the Veteran . Follow the procedures set forth in 38 C.F.R. § 3.159(c) with regard to requesting records from Federal facilities. All records and/or responses received should be associated with the claims file. 

2. Send to the Veteran and his representative a letter requesting that the Veteran provide sufficient information, and if necessary, authorization to obtain any additional evidence pertinent to the claims remaining on appeal that is not currently of record. Specifically request that the Veteran furnish, or furnish appropriate authorization to obtain, all outstanding, pertinent private (non-VA) medical records.

Clearly explain to the Veteran that he had a full one-year period to respond (although VA may decide the claim within the one-year period). 

3. If the Veteran responds, assist him in obtaining any additional evidence identified, following the current procedures set forth in 38 C.F.R § 3.159. All records/responses received should be associated with the claims file. If any records sought are not obtained, notify the Veteran of the records that were not obtained, explain the efforts taken to obtain them, and describe further action to be taken. 

4. After all records and/or responses received from each contacted entity have been associated with the claims file, arrange to obtain an addendum opinion from an appropriate VA physician -preferably, one who has not previously opined regarding the Veteran's claim for service connection for renal carcinoma. Only arrange for the Veteran to undergo further VA examination, by an appropriate professional, if deemed necessary in the judgment of the physician designated to provide the addendum opinion.

The contents of the entire, electronic claims file, to include a complete copy of this REMAND, must be made available to the designated individual, and the addendum opinion/examination report must reflect full consideration of the Veteran's documented medical history and assertions. 

With regard to diagnosed renal carcinoma with status-post partial nephrectomy of the right kidney, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that the renal carcinoma had its onset during, or is otherwise medically related to, the Veteran's period of service. 

In addressing the above, the examiner must consider and discuss all in- and post-service medical and other objective evidence, and all lay assertions-in particular, the Veteran's assertion that his disability the result of his frequent in-service exposure to chemicals, including solvents and cleaners, as well as his assertion that the lengthy latency period for renal cell cancer suggests an in-service onset.

In this regard, the examiner is requested to address the likelihood that exposure to cancer-causing chemicals during service as set forth by the May 2016 VA examiner may have impacted his development of renal carcinoma. Additionally, the examiner is requested to opine as to the likelihood that any other identified risk factors impacted the development of renal carcinoma in this Veteran.

The examiner is advised that the Veteran is competent to report injuries and symptoms, and that his assertions in this regard must be considered in formulating the requested opinion. If the Veteran's reports are discounted, the examiner should clearly so state, and explain why.

All examination findings/testing results (if any), along with complete, clearly-stated rationale for the conclusions reached, must be provided. 

5. To help avoid future remand, ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. Stegall v. West, 11 Vet. App. 268 (1998). 

6. After completing the requested actions, and any additional notification and/or development deemed warranted, adjudicate the claims on appeal in light of all pertinent evidence (to particularly include all that added to the electronic claims file since the last adjudication) and legal authority.

7. If the benefit sought on appeal remains denied, furnish to the Veteran and his representative an appropriate supplemental statement of the case that includes clear reasons and bases for all determinations, and afford them the appropriate time period for response.

The purpose of this REMAND is to afford due process and to accomplish additional development and adjudication; it is not the Board's intent to imply whether the benefits requested should be granted or denied. The Veteran need take no action until otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014). The AOJ is reminded that this appeal has been advanced on the Board's docket.

______________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs